**IT IS ORDERED as set forth below:**

Date: May 12, 2017

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>BRYAN P. ELLIOTT,<br><br>Debtor. | Case No. 16-57911-WLH<br><br>Chapter 7 |
| RICHARD EUGENE WHITE,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN P. ELLIOTT,<br><br>Defendant. | Adversary Proceeding No. 16-05173 |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Richard White's ("Plaintiff") Motion for Summary Judgment ("Motion") (Docket No. 9). This matter is a core proceeding pursuant to 28

1

U.S.C. § 157(b)(2)(I), and the Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

## PROCEDURAL BACKGROUND

Defendant Bryan Elliott ("Defendant") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on May 3, 2016. Plaintiff Richard White ("Plaintiff") filed this Adversary Proceeding on August 4, 2016 against Defendant. In the complaint, Plaintiff seeks a determination that a judgment he holds against Defendant from the Superior Court of Gwinnett County is nondischargeable under 11 U.S.C. § 523(a)(2)(A) ("Complaint"). Plaintiff filed the Motion arguing that the doctrine of collateral estoppel binds the Court to the Superior Court judgment for fraud which should be sufficient to satisfy the dischargeability exception in section 523(a)(2)(A). Defendant filed a response arguing that the lack of specific factual findings in the judgment and ambiguity with respect to the fraud pled in the complaint should preclude the application of collateral estoppel (Docket No. 12).

## UNDISPUTED FACTS

On December 22, 2008, Plaintiff filed a complaint in the Superior Court of Gwinnett County against Level Path Investment Group, LLC, Prodigy Homes, LLC, Old Corn, LLC, Richarch Floersheim, Richard Floersheim, Inc., and Defendant (together, "Superior Court Defendants") seeking damages for claims of fraud, breach of contract and violation of Georgia's RICO statute ("Superior Court Complaint"). The Superior Court Complaint alleged that Plaintiff entered into certain contracts with the Superior Court Defendants for the purchase of a lot and the construction of a custom-built home in a development known as Stone Creek at the Reservoir. The Superior Court Complaint alleged further that the Superior Court Defendants breached these contracts by using the funds paid by Plaintiff to facilitate the construction of other

projects in the development rather than using the funds for the construction of Plaintiff's house. Plaintiff also alleged that he was fraudulently induced by the Superior Court Defendants to pay funds purportedly for his house that were actually being used for separate infrastructure development. The Superior Court held a non-jury trial on April 18, 2011, and subsequently entered judgment in the amount of $423,851.04 in favor of Plaintiff against Defendant individually on all theories set forth in the Superior Court Complaint ("Superior Court Judgment"). Specifically, the Superior Court Judgment stated:

> Ordered that Plaintiff have Judgment against Defendant Bryan Elliott, individually, on all theories set forth in Plaintiff's Complaint in the total sum of Four Hundred Twenty Three Thousand, Eight Hundred Fifty-One and 04/100 Dollars ($423,851.04).

The judgment did not include findings of fact.

## ANALYSIS

*Summary Judgment*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. Fed. R. Civ. P. 56(e). Rather, the nonmoving party must present specific facts that demonstrate there is a genuine dispute over material facts. Hairston, 9 F.3d at 918. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. Id.

*Collateral Estoppel*

Plaintiff argues that collateral estoppel applies to the Superior Court Judgment and that the facts decided in the Superior Court Judgment are sufficient to find the debt owed by Defendant to Plaintiff non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The doctrine of collateral estoppel seeks "to prevent the re-litigation of issues previously contested and determined by a valid and final judgment in another court." Newton v. Lemmons (In re Lemmons), 2005 WL 6487216, at *2 (Bankr. N.D. Ga. 2005). The doctrine of collateral estoppel applies to non-dischargeability proceedings. See Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991). When reviewing a state court judgment under the doctrine of collateral estoppel, "a federal court must accord the judgment the same preclusive effect as it would be given under the law of the state in which the judgment was rendered." Lemmons, 2005 WL 6487216, at *2; see also In re St. Laurent, 991 F.2d 672, 675-76 (11th Cir. 1993).

This Court must turn to Georgia law to determine the preclusive effect of the Superior Court Judgment against Defendant. Lewis v. Lowery (In re Lowery), 440 B.R. 914, 921-22 (Bankr. N.D. Ga. 2010) (citing Hebbard v. Camacho (In re Camacho), 411 B.R. 496, 501 (Bankr. S.D. Ga.2009)). "While collateral estoppel may foreclose relitigation of issues decided in prior judicial proceedings, the ultimate issue of dischargeability is a legal question over which the

4

bankruptcy court has exclusive jurisdiction." Id. (citations omitted). Under Georgia law, a party may only assert the doctrine of collateral estoppel when the following elements have been satisfied: (1) identity of the parties is the same; (2) identity of the issues is the same; (3) actual and final litigation of the issue in question occurred; (4) the adjudication was essential to the earlier action; and (5) the parties had a full and fair opportunity to litigate the issues in question. In re Lemmons, 2005 WL 6487216, at *2. Each element will be addressed in turn.

    1. Identity of Parties

The record clearly shows that Plaintiff and Defendant were parties to the Superior Court litigation, so the parties are identical and the first element of collateral estoppel is satisfied.

    2. Identity of Issues

To determine whether the second prong is met, the Court has to determine whether the issues decided in the underlying judgment fall within the scope of the dischargeability provision in question. Section 523(a)(2)(A) excepts from discharge "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…" 11 U.S.C. § 523(a)(2)(A). The traditional elements of common law fraud apply to section 523(a)(2)(A) claims. Wells Fargo Bank, N.A. v. Farmery (In re Farmery), 2014 WL 2986630, at *1 (Bankr. N.D. Ga. Apr. 11, 2014) (citing Field v. Mans, 516, U.S. 59, 70 n.9 (1995)). "Thus, to except a debt from discharge under Section 523(a)(2)(A), a creditor must prove: (1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the plaintiff sustained a loss as a result of the misrepresentation." In re Farmery, 2014 WL 2986630, at *1 (citations omitted).

Similarly, the tort of fraud under Georgia law requires: (1) a false representation made by the defendant; (2) which the defendant knew was false; (3) made with an intent to deceive the plaintiff; (4) justifiable and detrimental reliance by the plaintiff on such representation; and (5) damages suffered by the plaintiff as a result. In re Camacho, 411 B.R. at 505 (citing Crawford v. Williams, 258 Ga. 806, 806 (1989)); Lister v. Scriver, 216 Ga.App. 741, 745 (1995); Lykins v. Nationwide Mut. Ins. Co., 214 Ga.App. 577, 579 (1994)). The requirements for establishing "a fraud claim under Georgia law [are] sufficiently identical to the elements require[d] for a showing of fraud pursuant to 11 U.S.C. § 523(a)(2)(A)," to find an identity of issues. In re Camacho, 411 B.R. at 506 (citing In re Whelan, 245 B.R. at 705-06).

Though the Superior Court Judgment failed to include specific findings of fact, it did grant judgment in Plaintiff's favor "on all theories set forth in [the] Complaint." When the record is read as a whole, it is clear that Plaintiff raised issues of actual fraud, as opposed to constructive fraud, in the Superior Court Complaint. Specifically, Plaintiff alleged that he was induced to provide funds to the Superior Court Defendants based on representations that the funds would be used for the construction of his house, when the Superior Court Defendants knew that the funds would go toward general infrastructure development. Thus, Plaintiff alleged a fraud based in misrepresentation. These allegations, and evidence related to these allegations, were presented to the trier of fact who granted judgment in Plaintiff's favor on all theories, including the inducement theory. Therefore, the Court finds that an identity of issues exists between the Superior Court lawsuit and the present Adversary Proceeding.

### 3. Actually Litigated

Although "Georgia case law does not disclose any analytical framework for determining whether a matter was actually litigated" it is generally accepted that "when a question of fact is

6

put in issue by the pleadings, is submitted to the trier of fact for its determination, and is determined, that question of fact has been 'actually litigated.'" In re Lowery, 440 B.R. at 923 (citing Lusk v. Williams (In re Williams), 282 B.R. 267, 272 (Bankr. N.D. Ga. 2002)); Community State Bank v. Strong, 651 F.3d 1241, 1267-68 (11th Cir. 2011). The record indicates that the issue of fraud was raised by Plaintiff in the Superior Court Complaint, the issue was heard by the Superior Court in a bench trial and ultimately determined in the Superior Court Judgment. Therefore, the Court finds the third prong of collateral estoppel is met.

    4. Essentiality

The fourth prong "limits the doctrine's applicability to 'those issues that necessarily had to be decided in order for the previous judgment to have been rendered.'" Allen v. Morrow (In re Morrow), 508 B.R. 514, 522 (Bankr. N.D. Ga. 2014) (quoting Waldroup v. Greene Co. Hosp. Auth., 265 Ga. 864, 866(2) (1995)). This prong "prevents judgments that rest on ambiguous grounds from having issue preclusive effect." Community State Bank v. Strong, 651 F.3d 1241, 1268 (11th Cir. 2011). "Therefore, when a judgment could be supported by two or more grounds, and it does not specify the ground on which it rests, the 'judgment cannot have issue preclusive effect as to either issue, for either is definitively the ground of the judgment.'" In re Morrow, 508 B.R. at 522 (quoting Strong, 651 F.3d at 1268)).

Though the Superior Court Judgment could be supported by two or more grounds, the judgment makes clear that it is supported by all three theories included in the Superior Court Complaint. However, by granting judgment on all theories in the Superior Court Complaint, the court appears to have allowed a recovery on both fraud and breach of contract, which is impermissible under Georgia law for claims of fraudulent inducement. See Price v. Mitchell, 154 Ga. App. 523, 524 (1980); Rosenberg v. Mossman, 140 Ga. App. 694, 697 (1976).

Therefore, it is unclear whether the damages in the judgment are attributable to the fraud count from the Superior Court Complaint and if so, how much of the damage award is attributable to fraud. It is possible that the damages are attributable solely to the breach of contract claim. Accordingly, it appears that the Superior Court Judgment is ambiguous as to whether Plaintiff is entitled to damages based on Defendant's fraud. Because it is unclear whether any of the damages are attributable to the fraud count in the Superior Court Complaint, the Court cannot find that fraud was essential to the Superior Court Judgment. Accordingly, the fourth prong of collateral estoppel is not satisfied.

### 5. Full and Fair Opportunity to Litigate

The full and fair opportunity prong is "rooted in due process concerns." In re Lowery, 440 B.R. at 922 (citing Microfinancial, Inc. v. Delpiano (In re Delpiano), 2005 WL 6488906, at *5 (Bankr. N.D. Ga. Mar. 22, 2010)). Defendant has not disputed that he had a "full and fair opportunity" to litigate the issues determined in the Superior Court Judgment. To the contrary, the record reflects that Defendant filed answers in response to the Superior Court Complaint, indicating his participation in the matter. Therefore, the Court finds that the fifth prong is satisfied.

## CONCLUSION

Having reviewed the Motion, Defendant's response and Plaintiff's reply, along with all of the documents in the record, the Court determines that while it is clear the Superior Court rendered a judgment for fraud, it is unclear whether any damages were awarded to the Plaintiff for the fraud and if so, how much.

**ORDERED** that Plaintiff's Motion is therefore **DENIED**.

8

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Paul B. Smart
Hulsey Oliver & Mahar, LLP
PO Box 1457
Gainesville, GA 30503

Edward F. Danowitz
Danowitz Legal, P.C.
300 Galleria Parkway, NW
Suite 960
Atlanta, GA 30339